## MATTER OF MILLER

### In Visa Petition Proceedings

#### A–14356955

*Decided by Board April 4, 1966 .*

Beneficiary, who was born out of wedlock during the existence of her putative father's marriage to U. S. citizen petitioner, and who has not been legitimated, is not a child within the contemplation of section 101(b)(1), Immigration and Nationality Act, as amended, since there was no close family relationship between the parties until beneficiary's arrival in the United States in July 1965 when 15 years of age, theretofore having always lived with her mother.

The District Director at New York City in a decision dated February 18, 1966, denied the application of the petitioner on the ground that the facts disclosed that the petitioner's husband, the putative father of beneficiary, was never married to beneficiary's mother and that the beneficiary has not otherwise been legitimated. It is concluded by the District Director that the beneficiary is not, therefore, a child as defined under section 101(b)(1) of the Act. From that decision the petitioner through counsel has appealed to this Board. The appeal will be dismissed.

A reading of this record indicates that the beneficiary of the petition is admittedly the daughter of the petitioner's spouse. The petitioner is a naturalized citizen of the United States and she married the putative father of the beneficiary in January 1945 at Kingston, Jamaica. The petitioner stated that in 1950 her husband told her that he was going to be the father of a child born to Millicent Morgan. The child (beneficiary) was born in July of 1950 and she resided with her natural mother, although allegedly receiving support from the petitioner and her spouse. The petitioner also stated that the beneficiary had on occasion visited with the petitioner and her putative father for extended lengths of time and that a close personal relationship had been maintained. The petitioner stated further that she came to the United States in 1958 and that she had not seen the beneficiary until 1965 when she, the

beneficiary, arrived in the United States. Counsel for petitioner seeks to compare the petition in the instant case with that in the case of *Nation* v. *Esperdy*, 239 F. Supp. 531. Counsel contends that the Service has disregarded this decision in its denial of the present petition.

This Board has given careful consideration to the facts contained in this case. We note that the beneficiary has stated under oath that she has always lived with her mother and has stayed with her father only on vacations and on visits. It is noted that the beneficiary made her home with her natural mother until 1965, when she was 15 years of age and when she came to the United State as a visitor. The Supervisory Immigrant Inspector for the Immigration and Naturalization Service has submitted a memorandum for the file in which he urges that the fact that the spouse of the petitioner and the petitioner have supported the child should not be considered any more than a legal obligation to support the beneficiary born out of wedlock.

Our conclusion after a review of the entire file is that this case cannot be considered analogous to the *Nation* decision, *supra*. We do not find herein the close family relationship contemplated and present in the *Nation* decision. It is obvious that there was indeed no close family relationship until the beneficiary arrived in the United States in July 1965. For these reasons we do not consider the beneficiary to be a child within the contemplation of the *Nation* opinion or within the provisions of section 101(b)(1) of the Immigration and Nationality Act. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the appeal be dismissed.